JONES, et al, Respondents, v. DENNIS, et al, Appellants.

(Three Cases.)

(165 N. W. 1078.)

(File Nos. 4806, 4807, 4808. Opinion fileed December 31, 1917.)

1. **Mortgages—Chattel Mortgages—Mortgagees' Agreement to Accept Payment From Purchaser of Chattels—Ignoring Mortgagees' Settlement, Effect on Mortgage Lien—Mortgagor's Rights Under Foreclosure—Statute of Frauds.**

Where chattels, upon which plaintiffs held a first and a second mortgage, were loaded upon cars for shipment by defendant mortgagor, and while the shipment was enroute, defendant sold the cattle to a third party, and their billing was changed to another destination, the cattle being unloaded and delivered to the purchaser, who had given his check on a bank at such destination in favor of another bank for the agreed purchase price, which check was in amount sufficient to take up first mortgage and leave a balance larger than amount of second mortgage debt, but owing to fact that defendant mortgagor supposed second mortgage had been taken care of, said bank was to take up first mortgage and pay said defendant the balance, proceeds thereof to be held by the bank payee to

take up said first mortgage, the balance to be paid to defendant mortgagor; and, the check being unpaid, plaintiffs took possession of the cattle and began foreclosure proceedings upon the two mortgages, judgments being entered adjudging foreclosure thereof, and adjudging defendant mortgagor to pay amount of second mortgage and deficiency arising under first mortgage; it appearing that defendant mortgagor attempted to and supposed he had arranged for taking care of second mortgage by his co-defendant; that plaintiffs were immediately advised of such sale and that co-defendant would take up both mortgages on the following day, the cattle being then with plaintiffs' knowledge and without their objection, turned over to purchaser in consummation of the sale; but owing to a misunderstanding as to whether this payment was to be made at plaintiffs' bank or at co-defendant's bank, the mortgage notes were not taken up by co-defendant next day; whereupon plaintiffs, without presenting their claim to co-defendant or asking him why he had not made payment, ignored settlement that had been made, whereupon purchaser of cattle turned them back to the railroad company, stopped payment of his check and refused to consummate sale; held, that upon these facts trial court should have concluded that plaintiffs had lost their mortgage liens and their right of foreclosure; said transaction being a consummated sale with their consent; that by their acts they released their liens, and said co-defendant's oral promise was taken out of Statute of Frauds, and he became liable to them for amount due on mortgages. Held, further, that judgment should have been entered for amount of purchase price agreed to be paid by said purchaser plus value of other property seized by plaintiffs and disposed of under the mortgages, less amounts due under first and second mortgages.

2.   **Appeals—Appellants' Brief—No Index, Many Witnesses—Costs Against Appellants.**

    Where a record on appeal embraced testimony of eighteen witnesses covering sixty-five pages of printed brief, but no mention of any of them was found in the index nor of place where their testimony could be found, held, under Supreme Court Rule 5, requiring that every brief containing statement of the record shall be accompanied by a complete index of contents of such statement, costs in $10 will be ordered deducted from amount of costs to which appellants would otherwise be entitled.

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Actions (3 in number) by T. S. Jones and C. O. Elliff, against Charles Dennis and W. T. McConnell, for foreclosure of

various chattel mortgages executed by defendant Dennis, and for other incidental relief. From judgments in favor of plaintiffs, and from orders denying new trials, defendants appeal. Judgments and orders set aside, and cause remanded for further proceedings.

*E. E. Wagner,* for Appellants.

*Null & Royhl,* for Responents.

(1) To point one of the opinion, Appellants cited:

Coughran v. Western Elv. Co., 22 S. D. 214; Carr v. Brawley, (Okla.) 125 Pac. 1131; 43 L. R. A. (N. S.) 303; Cobbey, Chattel Mortgages, Sec. 636; Jones, Chattel Mortgages, 5th Ed. Sec. 465; Hammon, Chattel Mortgages, 142; Anderson v. Brewing Co., (Ill.) 50 N. E. 655; Note 43 L. R. A. (N. S.) 306.

Respondents cited:

Albien v. Smith, 123 N. W. 675; Sanford v. Mumford (Neb.) 48 N. W. 876; Peterson v. St. Anthony & D. Elevator Co. (N. D.) 81 N. W. 59; Drum v. Harrison, (Ala.) 3 So., 715; Berkner v. D'Eveleyn, (Minn.) 137 N. W.

GATES, P. J. Defendant Dennis owned a drove of cattle upon which there were: A first mortgage of approximately $5,000 to a Sioux City Commission firm, given as a renewal of a mortgage to plaintiffs and assigned to said firm; a second mortgage of about $350 to plaintiffs; and a third mortgage of about $1,590 to defendant McConnell. Shortly before the maturity of the first and second mortgages the defendants loaded the cattle in cars and started them to Sioux City for sale. En route, at Alpena, a sale was agreed to between defendant and one Smith, the billing of the cattle was changed to Lane, S. D., and they were there unloaded and delivered to Smith, who at Alpena had given his check on a bank at Lane in favor of the Alpena bank for the agreed purchase price; the proceeds of said check to be held by the Alpena bank to take up the first mortgage and the balance to be paid to Dennis. The check was unpaid, and plaintiffs, having acquired the first mortgage, took possession of the cattle, and began separate foreclosure proceedings upon the first and second mortgages. Judgments were entered adjudging the foreclosure of said mortgages and adjudging Dennis to pay the amount of the second mortgage and the deficiency arising under the first mortgage, the cattle having been sold under receivership proceedings, and adjudging defendants to pay the costs aggregat-

ing about $1,200. From the judgments and orders denying new trials, defendants appeal.

The following facts are fully sustained by the evidence. Before making the sale of the cattle to Smith, Dennis had attempted to arrange, and supposed that he had arranged, for the taking care of the second mortgage debt by defendant McConnell. Upon making the sale to Smith, in order to secure the first mortgage, Smith's check was made payable to the bank at Alpena, which check was in an amount sufficient to take up the first mortgage and to leave a balance larger than the amount of the second mortgage debt; but, owing to the fact that Dennis supposed the second mortgage had been taken care of, the Alpena bank was to take up the first mortgage and pay Dennis the balance. Plaintiffs were on the same day advised of this sale, and were further advised by defendant McConnell that he would take up both of their claims against these cattle (the plaintiffs claiming to be the owners of the first mortgage); and it was agreed that said indebtedness should be taken up on the following day. The cattle were then, with the knowledge of plaintiffs, and without any objection on their part, turned over to the purchaser, Smith, in consummation of the sale that had been made. Owing to a misunderstanding as to whether the defendant McConnell was to make this payment at plaintiffs' bank or at his own bank, the notes were not taken up by McConnell the next day, and plaintiffs, without presenting their claim to McConnell or asking him why he had not made the payment as agreed, ignored the settlement they had made, and took action whereby the purchaser Smith turned the cattle back into the possession of the railroad company, stopped payment of the check he had given, and refused to carry out the terms of the sale. Plaintiffs then brought the actions to foreclose these mortgages.

[1] Upon findings of fact in accordance with the evidence the trial court should have concluded that plaintiffs had lost their mortgage liens and their right of foreclosure. The transaction above set forth was a consummated sale with the consent of plaintiffs. By their acts plaintiffs released their liens on the property, and McConnell's oral promise was taken out of the provisions of the statute of frauds, and he became liable to them for the amount due on the first and second mortgages.

Judgment should therefore have been entered for the defendant Dennis for the amount of the damage suffered by him, to wit, the amount of the purchase price agreed to be paid by Smith plus the value of other property seized by plaintiffs and disposed of under the mortgages, less the amount due under the first and second mortgages.

[2] Complaint is made by respondent of the index to appellants' brief. There were 18 witnesses, whose testimony covers 65 pages of its printed brief, but there is no mention of any of them in the index nor of the place where their testimony can be found. Rule 4 of this court (140 N. W. vii) requires that every brief which contains a statement of the record shall be accompanied by a complete index of the contents of such statement. For failure to observe this rule the clerk will deduct $10 from the amount of costs to which appellants would otherwise be entitled.

The judgments and orders appealed from are vacated and set aside, and the causes are remanded for further proceedings in harmony with this opinion.